UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bryan Sanshuck, et al., | ) | CASE NO. 1:13CV1359 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Heriberto Melendez Guzman, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | (Resolves Doc. 4) |
| | ) | |

Pending before the Court is Defendant Heriberto Melendez Guzman's motion to transfer this matter to the District of Puerto Rico. The motion to TRANSFER is DENIED.

I.  STATEMENT OF FACTS

In their complaint, Plaintiffs allege that Bryan Sanshuck entered into an employment agreement with Guzman and his business Electronic Payment Services ("EPS") on November 8, 2006. Sanshuck asserts that his duties were initially limited to the state of Ohio. Sanshuck further alleges that the parties modified the agreement in 2007 and that Guzman agreed to pay him $15,000 per month, to reimburse him for expenses, and to issue him 6,000,000 shares of stock in EPS. Sanshuck claims that despite this modification, he was paid only $3,000 a month from April 1, 2007 through March 1, 2008. Sanshuck claims that Guzman repeatedly reassured him that the $12,000 per month difference would be paid when a public offering of EPS' stock was made. Furthermore, Sanshuck alleges that his expenses were not repaid and that he made a $44,000 loan to Guzman that has also gone unpaid. Plaintiffs Joel Sacco and Daniel J. McCue also claim to have made loans to Guzman's business that have gone unpaid. From the complaint,

it appears that these loans were made through Sanshuck as an employee of EPS. Sanshuck then alleges that his services were terminated by Guzman on March 1, 2008.

On June 20, 2013, Plaintiffs filed this action. Sanshuck seeks unpaid wages, repayment for expenses, and the issuance of stock. The remaining Plaintiffs seek repayment of their loans with interest. Plaintiffs seek recovery via causes of action for fraud, civil RICO, breach of contract, unjust enrichment, negligence, and promissory estoppel. Guzman, the sole remaining defendant, seeks transfer of this matter to the District of Puerto Rico. Plaintiffs have opposed that motion.

## II.     LEGAL STANDARD AND ANALYSIS

The motion to transfer has been filed by Guzman as a pro se defendant. While it is not entirely clear, it first appears that Guzman contends that this Court lacks personal jurisdiction over him. ("Guzman [is not] subject to in personam jurisdiction in Ohio since they transacted no business in said state nor did they commit a tort in Ohio, or violated a contract entered into in Ohio.") In support, Guzman claims that the contract entered into with Sanshuck was entered into in Puerto Rico and that each of the loan agreements state that the obligor is a Puerto Rican business. The Court finds no merit in Guzman's argument.

This Court applies Ohio law in determining whether it may exercise jurisdiction over Defendants. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988). The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law. The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution." *Goldstein v. Christiansen*, 638 N.E.2d 541, 543

(Ohio 1994) (quoting *U.S. Sprint Communications Co., L.P. v. Mr. K's Foods, Inc.*, 624 N.E.2d 1048, 1051 (Ohio 1994)). The Court must engage in both steps if Ohio's long-arm statute applies because it does not extend jurisdiction fully to the limits of due process. *Goldstein*, 638 N.E.2d at 545, n.1. Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied. *Id.*

Plaintiffs bear the burden of establishing jurisdiction. *American Greetings Corp.*, 839 F.2d at 1168. However, when a court rules solely based upon the pleadings, a plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to plaintiffs. *See Goldstein*, 638 N.E.2d at 544. Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, he must show, by affidavit or other documentary evidence, specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Ohio's long-arm statute, Revised Code Section 2307.382, provides as follows:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state[.]

Upon review, the Court finds that the exercise of personal jurisdiction in this matter is appropriate.

Plaintiffs attached Sanshuck's employment contract to the complaint. The employment contract required Sanshuck to "[i]nterview, manage, and support all ISA's in the Ohio district[.]"

3

The signatures of both Guzman and Sanshuck appear on the document.  Accordingly, the record is clear that Guzman and his business not only conducted business in Ohio, but actively recruited and hired an Ohio individual to manage all of their Ohio business.  Furthermore, the loan agreement entered into between McCue and EPS specifically provides that it will be governed by Ohio law, a recognition that Sanshuck negotiated and signed that loan while operating for EPS in Ohio.  Accordingly, the Court finds that both due process and the Ohio long-arm statute are satisfied and that the exercise of personal jurisdiction over Guzman is appropriate.

Guzman also requests that this Court transfer the matter pursuant to 28 U.S.C. § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "As the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."  *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).  In ruling on this motion, the Court must consider six factors: "the convenience of the parties and witnesses," the accessibility of evidence, "the availability of process" to make reluctant witnesses testify, "the costs of obtaining willing witnesses," "the practical problems of trying the case most expeditiously and inexpensively" and "the interests of justice."  *Reese*, 574 F.3d at 320 (citations omitted).

A colleague on this Court has explained the analysis as follows:

> District courts vary in their enumeration of the specific factors to consider when ruling on a motion to transfer pursuant to § 1404(a), but such factors can include: (1) the plaintiff's choice of forum, (2) the residence of the parties, (3) the nature of the suit, (4) the place where events took place, (5) the possibility of inspecting the premises, (6) the ease of access to sources of proof, (7) the location of material witnesses, (8) the availability of compulsory processes for the attendance of those witnesses, (9) other problems that may contribute to litigation expenses, (10) the local interest in deciding the controversy locally, (11) the burden of jury

> duty on the community, and (12) the congestion of court dockets. From this variation, it is clear that there is no definitive list of private and public factors in the 1404(a) calculus. Courts need not discuss every factor that may influence the balance of conveniences and the interest of justice, but rather should focus their analysis on those factors that are particularly relevant to a given transfer determination.

*Schindewolf v. Seymour Constr., Inc.*, 2010 WL 2290803, at *7 (N.D.Ohio June 3, 2010) (citations, quotations, and alterations omitted).

While Guzman asserts at length that Puerto Rico is a more convenient venue, he does so with conclusory statements that lack any underlying factual support. For example, he contends that "all of the witnesses" to the breach of contract action are located in Puerto Rico, but fails to identify even a single one of these individuals. He also claims that a transfer will avoid piecemeal litigation, but similarly fails to identify what other litigation is pending or may be filed related to these parties. Guzman's entire argument for transfer, therefore, rests upon the fact that the contract with Sanshuck was entered into in Puerto Rico. The Court finds this an insufficient basis for transfer.

Sanshuck has pleaded a breach of his employment contract. In his motion, Guzman does not contest that Sanshuck's employment dealt exclusively with activities in the state of Ohio. Thus, while the contract may have been signed in Puerto Rico, it appears that all of the operable facts in support of the claim arose in Ohio. Furthermore, it appears that the unpaid loans all arose in Ohio among either Ohio or Indiana residents. Accordingly, while there may be witnesses that exist in Puerto Rico, there are also multiple witnesses in and around Ohio.

The Court is also mindful that many of the named Defendants in this action have been dismissed because, despite an original-filed suit and this pending suit, Plaintiffs have been unable to perfect service on those Defendants. The apparent difficulties in locating these

individuals, who would apparently be the alleged witnesses in Puerto Rico referenced by Guzman, also militate against any transfer to Puerto Rico.

Accordingly, taking into account Plaintiff's choice of forum, that at least one loan agreement is governed by its terms by Ohio law, the existence of witnesses in Ohio, Indiana, Florida, and Puerto Rico, the difficulty in effectuating process on persons in Puerto Rico, and the substantial increase in costs for Plaintiffs to litigate in Puerto Rico, the Court declines to exercise its discretion to transfer this matter.

### IV. CONCLUSION

Guzman's motion to transfer venue is DENIED.

IT IS SO ORDERED.

Date: <u>March 18, 2014</u>     */s/ John R. Adams*
                                Judge John R. Adams
                                UNITED STATES DISTRICT COURT